1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SAM TAVAKE, et al.,

11            Plaintiffs,                    No. CIV S-11-3259 KJM DAD PS

12        vs.

13   ALLIED INSURANCE COMPANY, et al.,        ORDER

14            Defendants.

15   _____/

16          This matter came before the court on March 23, 2012, for hearing of defendants'

17   motions to dismiss the complaint filed by plaintiffs Sam Tavake and Tami Tavake, who are

18   proceeding pro se.   (Doc. Nos. 13 & 18.)  Attorney Alex F. Pevzner appeared on behalf of

19   defendants Inderjit S. Toor Construction, Inc., and Harinder Toor.  Attorney John T. Burnite

20   appeared on behalf of defendants Jeff Mangili and James Andrew Aspegren.  Plaintiffs Sam

21   Tavake and Tami Tavake appeared on their own behalf.  Oral argument was heard, and

22   defendants' motions were taken under submission.

23          For the reasons set forth below, upon consideration of the briefing on file, the

24   parties' arguments at the hearing, and the entire file, defendants' motions to dismiss will be

25   granted.  Plaintiffs have failed to allege a cognizable claim giving rise to federal jurisdiction.

26   Jurisdiction exists in this case because of plaintiffs' claims pled pursuant to 42 U.S.C. § 1983.

However, those claims are inadequately pled, and without a federal claim for relief, the court would recommend that the assigned District Judge decline to exercise jurisdiction over plaintiffs' remaining state law claims.  The instant order addresses primarily plaintiffs' § 1983 claims and identifies the deficiencies in those claims.  Nonetheless, the court will grant plaintiffs an opportunity to amend their complaint in an attempt to state a cognizable § 1983 claim, thereby supplying grounds for jurisdiction.[1]

BACKGROUND

In their complaint, plaintiffs allege as follows.  On December 6, 2010, an apartment building they own was damaged in a fire.  Thereafter, plaintiffs hired defendant Inderjit S. Toor Construction Company, based upon the recommendation of defendant Jeff Mangili, plaintiffs' insurance agent, to draw up building plans and obtain building permits to rebuild the apartment building ("property").  (Compl. (Doc. No. 1) at 7.[2])

On February 28, 2011, defendant Harinder Toor, owner of Inderjit S. Toor Construction Company submitted an invoice to Jeff Mangili in the amount of $17,160 for work done on the property.  On April 15, 2011, defendant Sabino Urrutia, the owner of defendant One Point Design Group, submitted an invoice in the amount of $9,210 for the drawing of preliminary building plans for the property.  On April 18, 2011, Harinder Toor submitted an additional invoice in the amount of $878.50.  (Id. at 8.)

On October 12, 2011, defendant City of Stockton inspected the property and determined that it was a public nuisance that violated the applicable health and safety codes.  On October 20, 2011, Harinder Toor and Inderjit S. Toor Construction Company filed a mechanic's lien against the property.  On October 26, 2011, the City of Stockton, through its employee

---

[1]  In light of the granting of leave to amend and without a properly pled federal claim, the court will defer consideration of plaintiffs' state law claims at this juncture.

[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  Robert Chase, issued a Notice and Order with Intent to Abate by Demolition certain structures at

2  the property.  (Id. at 8.)

3          On November 1, 2011, plaintiff Sam Tavake sent the Building Department for the

4  City of Stockton a letter asking for an extension of time to comply with the abatement order.

5  Plaintiffs did not receive a response to that letter.  On November 5, 2011, plaintiff Sam Tavake

6  wrote Harinder Toor a letter disputing the mechanic's lien.  That same day plaintiffs sent a letter

7  to defendant Allied Insurance Company (a/k/a AMCO Insurance Company), complaining about

8  the work performed by Inderjit S. Toor Construction Company and One Point Design Group.

9  (Id. at 8-9.)

10          On November 10, 2011, Teresa L. Mitchell, Claims Director for AMCO Insurance

11  Company notified plaintiffs that defendant Sabino Urrutia had informed Mitchell that the needed

12  repairs to the property's plans were being addressed.  On November 11, 2011, defendant James

13  Andrew Aspegren, a claims agent for AMCO Insurance Company, responded by letter to a phone

14  message left by Tami Tavake.[3]  (Id. at 9.)

15          On November 29, 2011, Tami Tavake went to the Building Department of the

16  City of Stockton to file her notice of appeal of the October 26, 2011 abatement order.  Defendant

17  Chuck Lamar, an employee of the Building Department, refused to accept the notice of appeal.

18  Moreover, Chuck Lamar threatened Tami Tavake, telling her that if she did not sign an

19  indemnification agreement, the City of Stockton would obtain a warrant and demolish the

20  property, which would cost plaintiffs $50,000 to $60,000 in demolition fees.  Tami Tavake

21  signed the indemnification agreement as a result of Lamar's threats and coercion.  (Id. at 9-10.)

22          Plaintiffs commenced this action on December 8, 2011, by paying the required

23  filing fee and filing a complaint.  (Doc. No. 1.)  Plaintiffs allege federal causes of actions against

24

25          [3] Plaintiffs do not allege the contents of the November 11, 2011 letter from James

26  Aspegren, though they provide the letter as an exhibit to the complaint.  (Doc. No. 1 at 64-65.)

1  defendants Chuck Lamar and the City of Stockton, pursuant to 42 U.S.C. § 1983, for violations

2  of plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments.  Plaintiffs also allege

3  federal causes of action against defendants Jeff Mangili, James Aspergren, Harinder Toor,

4  Sabino Urrutia and Chuck Lamar for violating plaintiffs' rights under the Fifth and Fourteenth

5  Amendments.  Finally, plaintiffs allege several state law causes of action.  (Compl. (Doc. No. 1)

6  at 1, 13-14.)

7           On December 20, 2011, defendant City of Stockton filed an answer.  (Doc. No. 5.)

8  On January 23, 2012, defendants Sabino Urrutia and One Point Design Group also filed answers.

9  (Doc. Nos. 10 & 11.)  On January 30, 2012, defendants Inderjit S. Toor Construction, Inc., and

10 Harinder Toor filed a motion to dismiss.  (Doc. No. 13.)  On February 3, 2012, defendant AMCO

11 Insurance Company filed an answer.  (Doc. No. 17.)  On February 10, 2012, defendants James

12 Andrew Aspegren and Jeff Mangili filed a motion to dismiss.  (Doc. No. 18.)

13          On February 14, 2012, plaintiffs filed an opposition to the motion to dismiss filed

14 by defendants Inderjit S. Toor Construction, Inc., and Harinder Toor.  (Doc. No. 27.)  On

15 February 23, 2012, the City of Stockton filed statements of non-opposition to each pending

16 motion to dismiss.  (Doc. Nos. 29 & 30.)  On March 2, 2012, plaintiffs filed an opposition to the

17 motion to dismiss filed by defendants James Andrew Aspegren and Jeff Mangili.  (Doc. No. 32.)

18 On March 9, 2012, defendants Inderjit S. Toor Construction, Inc., and Harinder Toor filed a reply

19 to plaintiffs' opposition.  (Doc. No. 33.)  On March 16, 2012, defendants James Andrew

20 Aspegren and Jeff Mangili filed a reply to plaintiffs' opposition.  (Doc. No. 34.)

21            LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTIONS

22          Pursuant to the Federal Rule of Civil Procedure 12(b)(5), a defendant may move

23 to dismiss the action where the plaintiff has failed to effect proper service of process in

24 compliance with the requirements set forth under Federal Rule of Civil Procedure 4 for serving a

25 defendant.  Fed. R. Civ. P. 12(b)(5).  If the court determines that the plaintiff has not properly

26 served the defendant in accordance with Federal Rule of Civil Procedure 4, the court has

discretion to either dismiss the action for failure to effect proper service, or instead merely quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant.  See Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998) ("[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case").

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

/////

ANALYSIS

I.  Rule 12(b)(5)

Defendants Mangili and Aspegren assert that plaintiffs have not properly served their complaint upon them.  In this regard, defendants argue that plaintiffs improperly served them by certified mail without obtaining a signed acknowledgment.  (MTD (Doc. No. 19) at 4.)

When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4 of the Federal Rules of Civil Procedure.  See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).  Rule 4 provides that an individual may be served with a complaint by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e).  "Although California law does permit service of a summons by mail, such service is valid only if a signed acknowledgment is returned and other requirements are complied with[.]"  Barlow v. Ground, 39 F.3d 231, 234 (9th Cir. 1994).  Service by certified mail is insufficient where, as here, there is no executed acknowledgment of receipt in accordance with California Code of Civil Procedure § 415.30.  Id.

Here, plaintiffs' opposition fails to address, let alone establish, the validity of their service on defendants Mangili and Aspegren.  Morever, although a defendant's appearance to attack sufficiency of service is an admission that the defendant has actual knowledge of the

lawsuit, actual knowledge does not substitute for proper service of process.  See Omni Capital
Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("[B]efore a court may exercise personal
jurisdiction over a defendant, there must be more than notice to the defendant and a
constitutionally sufficient relationship between the defendant and the forum."); Worrell v. B.F.
Goodrich Co., 845 F.2d 840, 841 (9th Cir. 1988) (service fails unless defendant returns
acknowledgment form); accord Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d
476, 492 (3d Cir. 1993) ("Notice to a defendant that he has been sued does not cure defective
service, and an appearance for the limited purpose of objecting to service does not waive the
technicalities of the rule"); Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Neither
actual notice . . . nor simply naming the person in the caption of the complaint . . . will subject
defendants to personal jurisdiction if service was not made in substantial compliance with Rule
4.").

Nonetheless, while plaintiffs have failed to satisfy their burden of demonstrating
effective service on defendants Mangili and Aspegren, the court has discretion to either dismiss
or retain the action.  See S.J. v. Issaquah School Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir.
2006); Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).  "'Generally
service will be quashed in those cases in which there is a reasonable prospect that the plaintiff
will be able to serve the defendant properly.'"  Crayton v. Rochester Medical Corp., No.1:07-
CV-01318-OWW-GSA, 2008 WL 3367604, at *5 (E.D. Cal. Aug. 8, 2008) (quoting Wishart v.
Agents for Int'l Monetary Fund I.R.S., No. C-95-20178 SW, 1995 WL 494586, at *2 (N.D. Cal.
Aug. 14, 1995).

Here, the court finds that a dismissal of the action is not justified under Federal
Rule of Civil Procedure 12(b)(5), and that the court should instead merely quash the insufficient
service as to defendants Mangili and Aspegren.  See Umbenhauer v. Woog, 969 F.2d 25, 30 (3d
Cir. 1992).  Specifically, the court finds that there is a reasonable prospect that plaintiffs will be
able to properly serve defendants Mangili and Aspegren in this action and that these defendants

1    have not been prejudiced by the insufficient service.  Id.  See United Food & Commercial

2    Workers Union, Locals 197 v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984) (noting that

3    technical defects in service of process do not justify dismissal unless actual prejudice is shown).

4    As such, the court finds that dismissal here is inappropriate and that the insufficient service

5    should instead be quashed and plaintiffs provided with the opportunity to effect proper service on

6    defendants Mangili and Aspegren.[4]  See Umbenhauer, 969 F.2d at 30.

7    II.  Rule 8

8                  The minimum requirements for a civil complaint in federal court are as follows:

9                  A pleading which sets forth a claim for relief . . . shall contain (1) a
                   short and plain statement of the grounds upon which the court's
10                 jurisdiction depends . . . , (2) a short and plain statement of the
                   claim showing that the pleader is entitled to relief, and (3) a
11                 demand for judgment for the relief the pleader seeks.

12   Fed. R. Civ. P. 8(a).

13                 Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

14   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

15   state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

16   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

17   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

18   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

19   enhancements.'"  Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting

20   Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of

---

22   [4] Plaintiffs allege in their opposition to the motion to dismiss filed by defendants Mangili
     and Aspegren, that defendants did not properly serve their motion to dismiss on plaintiffs.  (Pl.'s
23   Opp.'n (Doc. No. 32) at 3.)  However, counsel for defendants filed proofs of service with the
     court, establishing that counsel served plaintiffs by United States mail with the notice of motion,
24   motion, memorandum of points and authorities and proposed order in compliance with Rule 5 of
     the Federal Rules of Civil Procedure.  (Doc. Nos. 21 & 23.)  Moreover, on March 9, 2012,
25   counsel for defendants sent plaintiffs a letter acknowledging their claim that they were not
     properly served with the motion to dismiss, enclosing copies of the motion and related
26   documents, and offering to discuss a continuance of the hearing date to allow plaintiffs additional
     time to file their opposition.  (Reply (Doc. No. 34) at 8-9.)

1  particularity overt acts which the defendants engaged in that support the plaintiff's claims.

2  <u>Jones</u>, 733 F.2d at 649.  A complaint must also contain "a short and plain statement of the

3  grounds for the court's jurisdiction" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)

4  & 8(a)(3).

5         Here, the complaint does not contain a short and plaint statement of plaintiffs'

6  claims showing that they are entitled to relief.  In this regard, though the complaint purports to

7  set out individual causes of action against various identified defendants, plaintiffs have combined

8  several causes of action therein.  For example, under plaintiffs' "FIRST CAUSE OF ACTION"

9  plaintiffs raise causes of action for breach of fiduciary duty, breach of contract, negligence and

10  conspiracy.  (Compl. (Doc. No. 1) at 10.)  Plaintiffs' "THIRD CAUSE OF ACTION" purports to

11  raise causes of action for negligence, fraudulent concealment, conspiracy, unjust enrichment and

12  lost income.  (<u>Id</u>. at 11.)  Moreover, the factual allegations alleged in support of these causes of

13  action consist of only one or two paragraphs of vague and conclusory allegations.

14         Instead, any amended complaint filed by plaintiffs should state each cause of

15  action separately and allege facts that satisfy the elements of the claim both plainly and

16  succinctly, alleging specific acts engaged in by the defendant or defendants that would support

17  plaintiffs' claim.[5]

18

---

19         [5] Moreover, with respect to plaintiffs' attempt to allege a claim of fraud, when a plaintiff
   raises claims of fraud, "the circumstances constituting fraud . . . shall be stated with
20  particularity."  Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to defendants of the
   specific fraudulent conduct against which they must defend, but also 'to deter the filing of
21  complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the
   harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally
22  imposing upon the court, the parties and society enormous social and economic costs absent
   some factual basis.'"  <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting <u>In</u>
23  <u>re Stac Elec. Sec. Litig.</u>, 89 F.3d 1399, 1405 (9th Cir. 1996)).  Pursuant to Rule 9(b), a plaintiff
   alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons,
24  statements and explanations of why allegedly misleading statements are misleading.  <u>In re</u>
   <u>GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); <u>see also</u> <u>Vess v. Ciba–Geigy</u>
25  <u>Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003); <u>Fecht v. Price Co.</u>, 70 F.3d 1078, 1082 (9th
   Cir. 1995).  Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim
26  include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and

III.  42 U.S.C. § 1983

  Plaintiffs complaint alleges that defendants Mangili, Aspegren, Toor, Urrutia and Lamar conspired together to violate plaintiffs' rights under the Fifth and Fourteenth Amendments to the Constitution.[6]  (Compl. (Doc. No. 1) at 14.)

  A litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution.  Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

  Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

  In order to state a cognizable claim under § 1983 the plaintiff must allege facts demonstrating that she was deprived of a right secured by the Constitution or laws of the United

---

damages.'"  Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).  Here, plaintiffs have failed to plead the minimum facts required for a fraud claim under Rule 9(b).

 [6]  With respect to plaintiffs' allegation that defendants conspired against them, "[l]iability for civil conspiracy generally requires three elements: (1) formation of a conspiracy (an agreement to commit wrongful acts); (2) operation of a conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of a conspiracy."  Davenport v. Litton Loan Servicing, LP, 725 F. Supp.2d 862, 881 (N.D. Cal. 2010).  "[B]are assertion of conspiracy" and a "conclusory allegation of agreement at some unidentified point" will not suffice to state a cognizable claim under federal pleading standards.  Twombly, 550 U.S. at 556-57; Davenport, 725 F. Supp.2d at 881 (plaintiff's conclusory allegation that defendants "agreed to hoodwink her with an unconscionable loan" did not state a cognizable conspiracy cause of action).

1   States and that the deprivation was committed by a person acting under color of state law.  West

2   v. Atkins, 487 U.S. 42, 48 (1988).  It is the plaintiff's burden in bringing a claim under § 1983 to

3   allege, and ultimately establish, that the named defendants were acting under color of state law

4   when they deprived her of a federal right.  Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

5            The statute requires that there be an actual connection or link between the actions

6   of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

7   Dep't of Soc. Servs. City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

10  omits to perform an act which he is legally required to do that causes the deprivation of which

11  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12           Moreover, supervisory personnel are generally not liable under § 1983 for the

13  actions of their employees under a theory of respondeat superior and, therefore, when a named

14  defendant holds a supervisorial position, the causal link between him and the claimed

15  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

16  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

17  allegations concerning the involvement of official personnel in civil rights violations are not

18  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19           Here, defendants Mangili, Aspegren, Toor and Urrutia are private persons.  A

20  private person does not act under color of state law for purposes of § 1983 unless the person or

21  entity "willfully participates in joint action with state officials to deprive others of constitutional

22  rights."  Taylor v. List, 880 F.2d 1040, 1048 (9th Cir. 1989).  See also Am. Mfrs. Mut. Ins. Co. v.

23  Sullivan, 526 U.S. 40, 50 (1999) (holding that due process claims under the Fourteenth

24  Amendment require state action and do not extend to merely private conduct, no matter how

25  wrongful); Apao v. Bank of New York, 324 F.3d 1091, 1093 (9th Cir. 2003) (explaining that the

26  due process clause of the Fourteenth Amendment "shields citizens from unlawful government

1   actions, but does not affect conduct by private entities.").

2          Plaintiffs' complaint also alleges that defendants City of Stockton and Chuck

3   Lamar, an employee of the City of Stockton, violated their rights under the Constitution.

4   (Compl. (Doc. No. 1) at 13-14.)  However, "[t]o establish municipal liability under § 1983, a

5   plaintiff must show that (1)[he] was deprived of a constitutional right; (2) the County had a

6   policy; (3) the policy amounted to a deliberate indifference to [his] constitutional right; and (4)

7   the policy was the moving force behind the constitutional violation."  Burke v. County of

8   Alameda, 586 F.3d 725, 734 (9th Cir. 2009).  "Where a plaintiff claims that the municipality has

9   not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous

10  standards of culpability and causation must be applied to ensure that the municipality is not held

11  liable solely for the actions of its employee."  Board of County Com'rs of Bryan County, Okl. v.

12  Brown, 520 U.S. 397, 405 (1997).

13         "Liability will lie against a municipal entity under § 1983 only if a plaintiff shows

14  that his constitutional injury was caused by employees acting pursuant to an official policy or

15  longstanding practice or custom, or that the injury was caused or ratified by an individual with

16  final policy-making authority."  Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1151

17  (9th Cir. 2011) (internal quotation marks and citation omitted).  See also Monell, 436 U.S. at

18  694.  Allegations of random acts, or single instances of misconduct are insufficient to establish a

19  municipal custom.  See Navarro v. Block, 72 F.3d 712, 714 (9th Cir. 1995); Thompson v. City of

20  Los Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989).

21         Here, the complaint is devoid of any allegation of an official policy or

22  longstanding practice or custom.  Moreover, the complaint fails to allege that the injury plaintiffs

23  suffered were caused or ratified by an individual or individuals with final policy-making

24  authority on behalf of the municipality.

25  /////

26  /////

12

IV.   Fourth Amendment

As noted above, plaintiffs' complaint also alleges that the defendants violated their rights under the Fourth Amendment.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated," and that "no Warrants shall issue, but upon probable cause."  U.S. CONST. amend. IV.  Under the Fourth Amendment, a seizure results if "there is some meaningful interference with an individual's possessory interests in [his or her] property."  Soldal v. Cook County, 506 U.S. 56, 61 (1992) (internal citation and quotation omitted).  The government's interference with an individual's possessory interests in property must be reasonable under the circumstances.  Id. at 63.

Morever, the Supreme Court has held that, absent consent or exigent circumstances, the Fourth Amendment requires that a code enforcement inspection be authorized by a warrant issued upon probable cause.  Camara v. Municipal Court of San Francisco, 387 U.S. 523, 534 (1967).  Probable cause for an administrative search, however, is a lower standard than probable cause in criminal cases.  Id. at 538; see also Marshall v. Barlow's, Inc., 436 U.S. 307, 320 (1978).  Probable cause to issue an administrative search warrant does not require suspicion of criminal activity, but only reasonable legislative or administrative standards governing the decision to search a particular property.  Camara, 387 U.S. at 538; see also O'Connor v. Ortega, 480 U.S. 709, 722 (1987) ("We have concluded . . . that the appropriate standard for administrative searches is not probable cause in its traditional meaning.  Instead, an administrative warrant can be obtained if there is a showing that reasonable legislative or administrative standards for conducting an inspection are satisfied.").

Here, based on the vague allegations found in plaintiffs' complaint, it is impossible to determine the nature of, let alone evaluate, plaintiffs' claim under the Fourth Amendment.

1   V.   Fifth Amendment

2           Plaintiffs' complaint also alleges that the City of Stockton violated their rights

3   under the Fifth Amendment.  The Fifth Amendment guarantees that private property shall not "be

4   taken for public use without just compensation."  Agins v. Tiburon, 447 U.S. 255, 260 (1980).

5   "The paradigmatic taking requiring just compensation is a direct government appropriation or

6   physical invasion of private property."  Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 537 (2005).

7   However, the Supreme Court has also recognized that "the government regulation of private

8   property may, in some instances, be so onerous" that it may be compensable under the Fifth

9   Amendment.  Id.

10          "A federal takings claim is not ripe until a litigant has '[sought] compensation

11  through the procedures the State has provided for doing so.'"  Spoklie v. Montana, 411 F.3d

12  1051, 1057 (9th Cir. 2005) (quoting Williamson Cnty. Reg'l Planning Comm'n v. Hamilton

13  Bank, 473 U.S. 172, 194 (1985)).  This is because "only takings without 'just compensation'

14  violate [the Fifth] Amendment; 'if a State provides an adequate procedure for seeking just

15  compensation, the property owner cannot claim a violation of the Just Compensation Clause until

16  it has used the procedure and been denied just compensation.'"  Suitum v. Tahoe Regional

17  Planning Agency, 520 U.S. 725, 734 (1997).[7]

18          As is the case with their Fourth Amendment claims, based on the vague

19  allegations of plaintiffs' complaint, it is impossible to determine the nature of, let alone evaluate,

20  /////

21  /////

22

23          [7]  California has adequate procedures to compensate property owners for unconstitutional
    takings.  See, e.g., Cal. Const., art. I, § 19; Klopping v. City of Whittier, 8 Cal.3d 39 (Cal. 1972);
24  Kavanau v. Santa Monica Rent Control Bd., 16 Cal.4th 761 (Cal. 1997); see also Equity Lifestyle
    Props., Inc. v. Cnty. of San Luis Obispo, 548 F.3d 1184, 1192 (9th Cir. 2008) ("California's
25  creation and implementation of the Kavanau adjustment process provides 'an adequate procedure
    for seeking just compensation.'"); S. Pac. Transp. Co. v. Los Angeles, 922 F.2d 498, 505 (9th
26  Cir. 1990) (stating that Klopping provides an adequate procedure for obtaining just
    compensation).

1    plaintiffs' claim under the Fifth Amendment.[8]

2    VI. <u>Fourteenth Amendment</u>

3          Finally, plaintiffs' complaint also alleges that the City of Stockton violated their

4 rights under the Fourteenth Amendment.  (Compl. (Doc. No. 1) at 13.)  The Fourteenth

5 Amendment to the United States Constitution provides, among other protections, that no State

6 shall deprive any person of life, liberty, or property without due process of law, or deny to any

7 person within the State's jurisdiction the equal protection of the laws.  U.S. CONST. amend. XIV

8 § 1.

9          A Due Process claim brought pursuant to the Fourteenth Amendment may be

10 based upon substantive or procedural Due Process.  To state a substantive Due Process claim,

11 plaintiff must allege "a state actor deprived [him] of a constitutionally protected life, liberty, or

12 property interest."  <u>Shanks v. Dressel</u>, 540 F.3d 1082, 1087 (9th Cir. 2008).  To put it another

13 way, the concept of substantive Due Process, "forbids the government from depriving a person of

14 life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights

15 implicit in the concept of ordered liberty.'"  <u>Nunez v. City of Los Angeles</u>, 147 F.3d 867, 871

16 (9th Cir. 1998) (quoting <u>Rochin v. California</u>, 342 U.S. 165, 172 (1952)).  To state a claim for

17 violation of procedural Due Process, plaintiff must allege: (1) a deprivation of a constitutionally

18 protected liberty or property interest, and (2) a denial of adequate procedural protections.  <u>Kildare</u>

19 <u>v. Saenz</u>, 325 F.3d 1078, 1085 (9th Cir. 2003).

20          "The Equal Protection Clause of the Fourteenth Amendment commands that no

21 State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is

22 essentially a direction that all persons similarly situated should be treated alike."  <u>City of</u>

23 <u>Cleburne, Tex. v. Cleburne Living Center</u>, 473 U.S. 432, 439 (1985).  <u>See</u> also <u>Lee v. City of Los</u>

24

25       [8] Plaintiffs are cautioned that "[c]ourts have consistently held that a State need not provide compensation when it diminishes or destroys the value of property by stopping illegal activity or abating a public nuisance."  <u>Keystone Bituminous Coal Ass'n v. DeBenedictis</u>, 480

26 U.S. 470, 492 n.22 (1987).

1   Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  An equal protection claim may be established where

2   a plaintiff shows that the defendant acted with an intent or purpose to discriminate against him

3   based upon his membership in a protected class.  Serrano v. Francis, 345 F.3d 1071, 1082 (9th

4   Cir. 2003); Lee, 250 F.3d at 686.

5          The Supreme Court has also recognized that "an equal protection claim can in

6   some circumstances be sustained even if the plaintiff has not alleged class-based discrimination,

7   but instead claims that she has been irrationally singled out as a so-called 'class of one.'"

8   Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601 (2008) (citing Village of Willowbrook v.

9   Olech, 528 U.S. 562 (2000)).  To succeed on a "class of one" claim, plaintiffs must demonstrate

10  that the City: (1) intentionally (2) treated plaintiffs differently than other similarly situated

11  property owners, (3) without a rational basis.  See Gerhart v. Lake County, Mont., 637 F.3d

12  1013, 1022 (9th Cir. 2011); Willowbrook, 528 U.S. at 564.  Although plaintiffs must show that

13  the City's decision was intentional, plaintiffs need not show that the City was motivated by

14  subjective ill will.  Willowbrook, 528 U.S. at 565.

15         Here, again, based on the vague allegations found in the complaint it is impossible

16  to determine the nature of, let alone evaluate, plaintiffs' claim under the Fourteenth Amendment.

17                                    LEAVE TO AMEND

18         For the reasons explained above, plaintiffs' claims for relief based upon an alleged

19  violation of federal law should be dismissed for failure to state a claim upon which relief may be

20  granted.  The court has carefully considered whether plaintiffs may amend their complaint to

21  state a federal claim upon which relief can be granted.  "Valid reasons for denying leave to

22  amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

23  Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

24  Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

25  while leave to amend shall be freely given, the court does not have to allow futile amendments).

26  However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be

dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"   Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

        Here, the court cannot say that it is now beyond doubt that leave to amend would be futile.  Plaintiffs' complaint will therefore be dismissed, and they will be granted leave to file an amended complaint.  Plaintiffs are cautioned however that, if they elect to file an amended complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 129 S. Ct. at 1949 . "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 1951 (quoting Twombly, 550 U.S. at 557).

        Plaintiffs are also instructed that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  Any amended complaint will supersede the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Plaintiffs' amended complaint must include concise but complete factual allegations describing the conduct and events which underlie their claims.  Finally, if plaintiffs elect to file an amended complaint in an attempt to cure the deficiencies noted above, they should take heed of the court's analysis set forth in this

order and neither include causes of action nor name defendants in a manner inconsistent with that analysis.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Inderjit S. Toor and Harinder Toor's January 30, 2012 motion to dismiss (Doc. No. 13) is granted;

2. Defendants Jeff Mangili and James Andrew Aspegren's February 10, 2012 motion to dismiss (Doc. No. 18) is granted;

3. Defendants Jeff Mangili and James Andrew Aspegren's February 10, 2012 motion to quash service (Doc. No. 18) is granted;

4. Plaintiffs' December 8, 2011 complaint (Doc. No. 1) is dismissed;

5. Plaintiffs are granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed;

6. Any defendant named in plaintiffs' original complaint filed December 8, 2011, named as a defendant in any amended complaint plaintiffs elect to file, shall respond to the amended complaint within thirty days after it is filed and served; and

7. If plaintiffs elect to file an amended complaint, and name as a defendant Jeff Mangili and/or James Andrew Aspegren, plaintiffs shall effect proper service of summons and the amended complaint pursuant to the requirements of Rule 4 of the Federal Rules of Civil

/////

/////

/////

/////

18

1 Procedure on defendant Jeff Mangili and/or James Andrew Aspegren within twenty days of filing

2 that amended complaint and shall file the returns of service within ten days thereafter.

3 DATED: April 3, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
DDAD1\orders.pro se\tavake3259.mtd.ord