1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SAM TAVAKE, et al.,

11            Plaintiffs,                    No. CIV S-11-3259 KJM DAD PS

12       vs.

13   ALLIED INSURANCE COMPANY, et al.,       <u>FINDINGS AND RECOMMENDATIONS</u>

14            Defendants.

15   _____/

16            Plaintiffs, proceeding pro se, commenced this action on December 8, 2011, by

17   filing a complaint and paying the required filing fee.  Accordingly, the matter has been referred to

18   the undersigned for all purposes encompassed by Local Rule 302(c)(21).

19            Plaintiffs are currently proceeding on their amended complaint filed June 1, 2012.

20   (Doc. No. 37.)  The amended complaint names as defendants AMCO Insurance Company, Jeff

21   Mangili, James Andrew Aspegren, the City of Stockton, Chuck Lamar, Inderjit S. Toor

22   Construction, Inc., Harinder Toor, One Point Design Group and Sabino Urrutia, and alleges

23   twenty causes of action.

24            On July 2, 2012, defendant City of Stockton filed a Notice of Automatic

25   Bankruptcy Stay pursuant to 11 U.S.C. § 362.  (Doc. No. 46.)  "The automatic stay of 11 U.S.C.

26   § 362(a)(1) prevents the 'commencement or continuation . . . of a judicial . . . action or

1   proceeding against the debtor that was . . . commenced before the commencement' of the

2   bankruptcy case." Lewis v. Russell, No. CIV. S-03-2646 WBS KJM, 2009 WL 1260290, at *1

3   (E.D. Cal. May 7, 2009) (quoting Dean v. Trans World Airlines, Inc., 72 F.3d 754, 755 (9th Cir.

4   1995)).  "By halting all collection efforts, the stay affords the debtor time to propose a

5   reorganization plan, or simply to be relieved of the financial pressures that drove him into

6   bankruptcy." In re Gruntz, 202 F.3d 1074, 1081 (9th Cir. 2000) (internal quotation marks and

7   citations omitted).  "Because of the importance of the automatic stay, 'actions taken in violation

8   of the automatic stay are void.'" Lewis, 2009 WL 1260290, at *1 (quoting In re Gruntz, 202

9   F.3d at 1082).  In this regard, "the case law in this Circuit establishes that, following an

10   automatic stay, a court may not rule on issues that require the court to consider the possible

11   liability of the debtor in the underlying case." Lewis, 2009 WL 1260290, at *2 (citing Dean, 72

12   F.3d at 756-57); cf. Zimmer v. Nawabi, No. CIV. 07-00016 WBS KJM, 2008 WL 618965, at *1

13   (E.D. Cal. Mar. 4, 2008) ("The automatic stay precludes this court from taking any action that

14   may detrimentally affect [the bankrupt defendant's] rights.").

15          "[A] district court has jurisdiction to decide whether the automatic stay applies to

16   a proceeding pending before it[.]" Lockyer v. Mirant Corp., 398 F.3d 1098, 1107 (9th Cir.

17   2005).  Here, the automatic stay clearly applies to defendant City of Stockton.  However, "[i]n

18   the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and

19   do not include [claims against] non-bankrupt co-defendants." Ingersoll-Rand Fin. Corp. v.

20   Miller Mining Co., 817 F.2d 1424, 1427 (9th Cir. 1987).  An "'identity of interests' [between the

21   bankrupt defendant and non-bankrupt codefendants] provides the special or 'unusual

22   circumstances' which justify an order that stays proceedings against non-debtor parties." In re

23   Family Health Servs., Inc., 105 B.R. 937, 942 (C.D. Cal. 1989).

24          Here, plaintiffs' amended complaint alleges that defendant Chuck Lamar is an

25   employee of the City of Stockton and, therefore, the City of Stockton is liable for defendant

26   /////

1   Lamar's actions.  (Am. Compl. (Doc. No. 37 at 3.[2])  It thus appears that plaintiffs are suing

2   defendant Lamar in his official capacity.  "[A]n official-capacity suit is, in all respects other than

3   name, to be treated as a suit against the entity . . ." Cmty. House, Inc. v. City of Boise, Idaho,

4   623 F.3d 945, 966 (9th Cir. 2010) (quoting Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)).

5   Moreover, California law requires that:

6           upon request of an employee or former employee, a public entity
            *shall* provide for the defense of any civil action or proceeding
7           brought against him, in his official or individual capacity or both,
            on account of an act or omission in the scope of his employment as
8           an employee of the public entity.

9   CAL. GOV'T CODE § 995 (emphasis added).  Further, if the action results in a judgment adverse

10  to the employee, or settles, the public entity is then required to indemnify the employee for the

11  amount of the judgment or settlement.  See CAL. GOV'T CODE § 825(a).

12          Therefore, if this action were permitted to proceed against defendant Lamar, the

13  City of Stockton could potentially be obligated to pay for defendant Lamar's defense costs, as

14  well as indemnify him for the amount of a judgment or settlement, which would necessarily

15  violate the automatic stay provision of 11 U.S.C. § 362(a).  Accordingly, this action should be

16  stayed as to defendant Lamar as well as the defendant City of Stockton.

17          Because this action is stayed as to defendant City of Stockton and should be

18  stayed as to defendant Lamar, it cannot proceed on at least nine of the twenty claims found in

19  plaintiffs' amended complaint, since those claims are brought solely or jointly against defendant

20  City of Stockton and/or defendant Lamar.  For example, plaintiffs' second cause of action alleges

21  that defendants City of Stockton and Lamar deprived plaintiffs of due process and equal

22  protection.  (Am. Compl. (Doc. No. 37) at 12.)  Plaintiffs' fourth cause of action alleges that

23  defendant Lamar conspired with defendants Toor and Mangili in violation of 42 U.S.C. §

24  1985(3).  (Id. at 13.)  Plaintiffs' eighteenth cause of action alleges that defendant Lamar

25

26          [2] Page number citations such as this one are to the page number reflected on the court's
    CM/ECF system and not to page numbers assigned by the parties.

1   conspired with defendants Urritia, One Point Design and Mangili in violation of 42 U.S.C. §

2   1985(3).  (Id. at 23.)  Plaintiffs' twentieth cause of action alleges that all defendants violated

3   plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments.  (Id. at 25.)

4              In this regard, if this action were to proceed on only those causes of action not

5   implicating either defendant City of Stockton or defendant Lamar, the case could not be resolved

6   in its entirety as to any defendant.  Thus, proceeding as to only those causes of action not brought

7   against either defendant City of Stockton or defendant Lamar would result in duplicative

8   litigation.

9              District courts have wide discretion to stay actions in order to avoid duplicative

10  litigation.  Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("the power to stay proceedings is

11  incidental to the power inherent in every court to control the disposition of the causes on its

12  docket with economy of time and effort for itself, for counsel, and for litigants."); Lockyer v.

13  Mirant Corp., 398 F.3d 1098, 1111 (9th Cir. 2005) ("[A] trial court may, with propriety, find it

14  efficient for its own docket and the fairest course for the parties to enter a stay of an action before

15  it, pending resolution of independent proceedings which bear upon the case.").

16             Moreover, of the eleven causes of action not brought against either defendant City

17  of Stockton or defendant Lamar, all are state law claims.  Of course, "primary responsibility for

18  developing and applying state law rests with the state courts." Curiel v. Barclays Capital Real

19  Estate Inc., Civ. No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010).

20  Accordingly, a district court may decline to exercise supplemental jurisdiction over state law

21  claims if the district court has dismissed all claims over which it has original jurisdiction.  28

22  U.S.C. § 1367(c)(3).  The court's discretion to decline jurisdiction over state law claims is

23  informed by the values of judicial economy, fairness, convenience, and comity.  Acri v. Varian

24  Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).  Here, however, because of the

25  automatic stay and its implications the court cannot yet resolve the claims over which it has

26  original jurisdiction.

1    For the reasons stated above, the undersigned finds that special circumstances

2  warrant staying this entire action until such time as the automatic stay against the City of

3  Stockton is lifted.  See Hittle v. City of Stockton, Cal., No. 2:12-cv-00766 GEB KJN, 2012 WL

4  3886099 (E.D. Cal. Sept. 6, 2012) (concluding that the City's bankruptcy stay applied to

5  plaintiff's claims against both the City and all individual defendants); Smith-Downs v. City of

6  Stockton, No. 2:10-CV-02495 MCE GGH, 2012 WL 3202265 (E.D. Cal. Aug. 3, 2012) (same).

7                                CONCLUSION

8    Accordingly, IT IS HEREBY RECOMMENDED that this entire action be stayed

9  until the automatic stay against defendant City of Stockton is lifted.[3]

10    These findings and recommendations will be submitted to the United States

11  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

12  fourteen days after being served with these findings and recommendations, any party may file

13  written objections with the court and serve a copy on all parties.  A document presenting

14  objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

15  Any reply to objections shall be filed and served within seven days after service of the objections.

16  The parties are advised that failure to file objections within the specified time may waive the

17  right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: January 2, 2013.

19

20                                        _____
                                          Dale A. Drozd

21                                        DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

22  DAD:6
    DDAD1\orders.pro se\tavake3259.stay.f&rs
23

24

25  _____

26    [3]  The City of Stockton has represented to the court that it will notify the court and all
    parties upon the modification or termination of the bankruptcy stay.  (Doc. No. 46.)