1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SAM TAVAKE and TAMI TAVAKE,              No.  2:11-cv-3259 KJM CKD PS (TEMP)

12              Plaintiffs,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14   ALLIED INSURANCE COMPANY, et al.,

15              Defendants.

16

17        Plaintiffs are proceeding pro se in the above-entitled action.  The matter was referred to a

18   United States Magistrate Judge under Local Rule 302(c)(21).

19        On March 21, 2013, this action was stayed.  (Dkt. No. 69.)  On September 24, 2015, the

20   court issued an order setting this matter for a status conference on November 6, 2015.  (Dkt. No.

21   76.)  That order also required plaintiffs to file status reports on or before October 23, 2015.  On

22   October 5, 2015, plaintiffs signed a stipulated dismissal with prejudice as to some of the

23   defendants in this action.  (Dkt. No. 77.)  Neither plaintiff, however, filed a status report or

24   appeared at the November 6, 2015 status conference, nor did anyone appear on behalf of either

25   plaintiff.  (Dkt. No. 83.)

26        Accordingly, on November 6, 2015, the undersigned issued an order to show cause in

27   writing within fourteen days as to why this action should not be dismissed for lack of prosecution.

28   (Dkt. No. 85.)  Plaintiffs were cautioned that failure to file a written response to that order would

                                          1

result in the undersigned recommending that this matter be dismissed.  (Id.)  Nonetheless, the time for plaintiffs to respond has expired and neither plaintiff has responded to the court's order in any way.

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

Here, plaintiffs have failed to file a timely status report and failed to appear at the Status Conference set by court order.  Moreover, the court issued an order to show cause that provided plaintiffs with an opportunity to show good cause for their failure to actively participate in this action but plaintiffs failed to respond to that order in any way.  The order to show cause specifically warned plaintiffs that the failure to file a written response to that order would result in a recommendation that this matter be dismissed.

Plaintiffs' lack of prosecution of this case renders the imposition of monetary sanctions futile.  Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against

2

1    dismissal.  However, plaintiffs' failure to prosecute the action in any way makes disposition on

2    the merits an impossibility.  The undersigned will therefore recommend that this action be

3    dismissed due to plaintiffs' failure to prosecute as well as their failure to comply with the court's

4    orders.  See FED. R. CIV. P. 41(b).

5               Accordingly, IT IS HEREBY RECOMMENDED that:

6                   1)  The stay in this action be lifted;

7                   2)  Plaintiff's June 1, 2012 amended complaint (Dkt. No. 37) be dismissed without

8    prejudice; and

9                   3)  This action be closed.

10        These findings and recommendations are submitted to the United States District Judge

11    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

12    after being served with these findings and recommendations, any party may file written

13    objections with the court and serve a copy on all parties.  Such a document should be captioned

14    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15    shall be served and filed within seven days after service of the objections.  The parties are advised

16    that failure to file objections within the specified time may waive the right to appeal the District

17    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18    Dated:  November 30, 2015

19

20                                    CAROLYN K. DELANEY
                                   UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27    BVD/tavake3259.dlop.f&rs.docx

28

3